IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(AT ERIE)

| | |
|---|---|
| NAPUA FROMAN, ) | |
| ) | Civil Action No. 05-187E |
| Plaintiff, ) | |
| ) | Judge Sean J. McLaughlin |
| v. ) | |
| ) | |
| TRU-WELD GRATING, INC., ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

Defendant, Tru-Weld Grating, Inc. answers the Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied as stated. It is admitted that Plaintiff filed a Complaint under the Pennsylvania Human Relations Act ("PHRA") with the Pennsylvania Human Relations Commission ("PHRC"). It is admitted that the Complaint was also cross-filed with the federal Equal Employment Opportunity Commission ("EEOC"). It is admitted that Plaintiff has sought and exhausted all available state and federal remedies provided through the EEOC and PHRC but only as to claims set forth in her Complaint to the PHRC. It is denied that Plaintiff has exhausted required state and federal administrative proceedings as to claims asserted in this lawsuit under Title VII or the PHRA which claims were not set forth in her initial Complaint to the PHRC.

5. Admitted.

6. Defendant does not deny Plaintiff's descriptions of the claims she is seeking to raise in this lawsuit or the statutory basis for the asserted claims. Defendant denies that it is liable to Plaintiff on any claims alleged.

7. Defendant admits that subject matter jurisdiction exists as to the claims alleged pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

8. Admitted.

9. Admitted.

10. Denied.

11. It is admitted that one of the stated reasons for Plaintiff's layoff was the elimination of the second shift which she supervised. The remaining allegations of paragraph 11 are denied.

12. Denied as stated. On information and belief, Plaintiff filed a Complaint with the PHRC on or about April 2, 2003. Defendant has insufficient information to determine the date the Complaint filed with the PHRC was cross-filed with the EEOC.

13. Admitted. In further answer, no supervisor was hired for the second shift when it was restarted in the Fall of 2003 or anytime thereafter up to the date of this answer.

14. Denied as stated. It is admitted that a male supervisor was hired on or about July of 2002 and worked the first shift. It is denied that the duties of the male supervisor were "same essential" duties or position as that of Plaintiff. It is admitted that the male was hired at a pay rate higher than Plaintiff's pay rate.

## ANSWER TO COUNT I:  TITLE VII – GENDER DISCRIMINATION

15. The Answers to paragraphs 1 through 14 are incorporated by reference in answers to paragraph 15.

16. Denied.

17. Denied.

## ANSWER TO COUNT II:  GENDER DISCRIMINATION IN PAY

18. The Answers to paragraphs 1 through 17 are incorporated by reference in answers to paragraph 19.

19. Denied.

20. Denied.

## ANSWER TO COUNT III:  EQUAL PAY ACT

21. The Answers to paragraphs 1 through 20 are incorporated by reference in answers to paragraph 21.

22. Denied.

23. Denied.

## ANSWER TO COUNT IV:  TITLE VII – RETALIATION

24. The Answers to paragraphs 1 through 23 are incorporated by reference in answers to paragraph 24.

25. Denied.

26. Denied.

## ANSWER TO COUNT V:  PENNSYLVANIA HUMAN RELATIONS ACT

27. The Answers to paragraphs 1 through 26 are incorporated by reference in answers to paragraph 27.

28. Denied.

## ANSWER TO REMEDIES

29. The Answers to paragraphs 1 through 28 are incorporated by reference in answers to paragraph 29.

30. Denied.

## SECOND DEFENSE
## FAILURE TO STATE A CLAIM

31. The Complaint and each Count fails to state a claim upon which relief can be granted.

## THIRD DEFENSE
## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

32. Plaintiff's claim of retaliation under Title VII (Count IV) and the PHRC (Count V) are barred because Plaintiff did not file a charge/complaint with either agency alleging retaliation. The claims of retaliation should be dismissed.

33. Plaintiff's Complaint to the PHRC and therefore also her charge to the EEOC did not include claims of gender discrimination in pay. Further, neither agency investigated a claim of gender discrimination in pay. The claims of gender discrimination in pay brought pursuant to Title VII and the PHRA should be dismissed.

## FOURTH DEFENSE
## NOT COMPARABLE JOBS

34. Plaintiff's claim of sex discrimination in pay under Title VII, the Equal Pay Act and the PHRA should be dismissed because the duties of Plaintiff were not substantially similar in skill, effort or responsibility to the duties of the male counterpart and factors other than sex were the reasons for the difference in pay.

## FIFTH DEFENSE
## TIMELINESS

35. All claims brought under Title VII based on the occurrence of an unlawful employment practice more than three hundred (300) days prior to date the charge was filed with the EEOC are time barred and should be dismissed.

36. All claims brought under the PHRA based on the occurrence of an unlawful employment practice more than one hundred eighty (180) days prior to date the Complaint was filed with the PHRC are time barred and should be dismissed.

## SIXTH DEFENSE
## FAILURE TO MITIGATE DAMAGES

37. On information and belief, Plaintiff has failed to mitigate damages.

## SEVENTH DEFENSE
## PHRA REMEDIES

38. Punitive damages are not available under the PHRA. A jury trial is not available as to PHRA claims.

5

### EIGHTH DEFENSE
### TIME BAR / EQUAL PAY ACT

39. Claims under the Equal Pay Act which arose more than two (2) years prior to the date of filing the Complaint in Federal Court are barred by the statute of limitations. In the alternative, Equal Pay Act claims arising more than three (3) years prior to the date of filing in Federal Court are barred by the statute of limitations.

WHEREFORE, Defendant requests that the Complaint be dismissed and that Defendant be awarded reasonable attorney fees and costs.

Respectfully submitted,

*/s/ Carl H. Hellerstedt, Jr.*
Carl H. Hellerstedt, Jr.
PA I.D. #10009

David L. Robertson
PA I.D. #29207

SPILMAN THOMAS & BATTLE, PLLC
3440 One Oxford Centre
301 Grant Street
Pittsburgh, PA  15219
(412) 325-3303 (Telephone)
(412) 325-3324 (Facsimile)

Counsel for Defendant Tru-Weld Grating, Inc.

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing **Answer to Complaint** was served upon counsel of record for the Plaintiff by Electronic Filing and United States First Class Mail, postage prepaid, addressed as follows:

>Daniel J. Iler, Esquire
>591 East Maiden Street
>Washington, PA  15301

>*/s/  Carl H. Hellerstedt, Jr.*
>Carl H. Hellerstedt, Jr.

Doc. 369638